# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>SUZANNE PEERY,<br><br>    Respondent. | Case No. CV 17-04564 JVS (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Petitioner is a prisoner currently incarcerated at a state prison facility in Susanville, California. On June 21, 2017, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody, under 28 U.S.C. § 2254.

This Petition is directed to the same 1996 Los Angeles County Superior Court judgment of conviction as four prior habeas actions filed by petitioner in this Court. First, in September 2010, petitioner's action in Case Number CV 10-6792-JVS-RZ was summarily dismissed without prejudice for lack of jurisdiction because petitioner had failed to file a proper habeas petition. Second, in December 2013, the petition in Case Number CV 13-7464-JVS-RZ was dismissed with prejudice as time-barred. Third, in August 2014, the petition in Case Number CV 14-5869-JVS-RZ was summarily dismissed without prejudice as successive. Fourth, in June 2016, the petition in Case Number CV 16-3887-JVS-AFM also was summarily dismissed without prejudice as successive.

In this latest Petition, petitioner claims that his constitutional rights were violated because he was detained for five and a half months after his arrest without being notified of the nature of the charges against him.

On three prior occasions, petitioner has requested permission in the Ninth Circuit Court of Appeals to file a successive petition, but he has never been granted permission to do so. The first request was denied in February 2014, in Case Number 14-70287. The second request was denied in May 2017, in Case Number 16-72708. The third request (which raises the same claim as this Petition) was filed on June 16, 2017, and it is still pending in Case Number 17-71767.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") governing successive petitions apply to all habeas petitions filed after the effective date of the AEDPA on April 24, 1996, without regard to when the conviction was sustained or when the first petition was filed. *See Cooper v. Calderon*, 274 F.3d 1270, 1272 (9th Cir. 2001); *United States v. Villa-Gomez*, 208 F.3d 1160, 1163-64 (9th Cir. 2000). Section 106 of the AEDPA, amended as 28 U.S.C. § 2244(b), reads in pertinent part as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

>    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The pending Petition constitutes a successive petition challenging the same judgment of conviction as did the habeas petition in Case Number CV 13-7464-JVS-RZ, which was denied as untimely and dismissed with prejudice. *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner now is purporting to again challenge his state conviction, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his claims, prior to his filing of the instant action in the District Court. Petitioner has not secured authorization from the Ninth Circuit to file a successive petition. His failure to do so deprives the Court of subject matter jurisdiction. *See Cooper*, 274 F.3d at 1274.[1]

---

[1] The Court does not construe the now pending Petition as having been "mistakenly" submitted in the District Court rather than the Court of Appeals. From all indications, petitioner intended to file a successive petition in the District Court. Moreover, petitioner apparently is aware of the procedures for filing an application in the Court of Appeals for authorization to file a successive petition because he has filed such an application previously. Accordingly, there is no basis for referral to the Court of Appeals under Ninth Circuit Rule 22-3. If petitioner wishes to file a successive petition in the District Court, he must first obtain

3

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 28, 2017

———————————————
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

authorization from the Court of Appeals via an application filed in the Court of Appeals demonstrating his entitlement to such authorization. *See* Ninth Circuit Rule 22-3; 28 U.S.C. § 2244(b)(3)(A).

4